**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT WAYNE WRIGHT,

    *Plaintiff*,                                 CASE NO. 09-CV-15014

*v*.

                                          DISTRICT JUDGE BERNARD A. FRIEDMAN
COMMISSIONER OF                 MAGISTRATE JUDGE CHARLES E. BINDER
SOCIAL SECURITY,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO RULE 41(b) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge Bernard A. Friedman, this case was referred to the undersigned magistrate judge for general case management on December 29, 2009. (Doc. 3.) Pursuant to the Court's scheduling order, Plaintiff's motion and brief in support of his motion for summary judgment were due on or before April 20, 2010. (Doc. 10.) Plaintiff did not file a motion or brief. Therefore, on May 19, 2010, this Court entered an order directing Plaintiff to show cause why the undersigned should not recommend that the complaint be dismissed for want

of prosecution, allowing Plaintiff until June 14, 2010, to file his motion and brief. To date, no motion or brief has been filed by Plaintiff.

**B.     Discussion**

I suggest that Plaintiff has failed to diligently prosecute this action and that it therefore should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

Here, six months have elapsed since Plaintiff filed the case and although he was admonished that his case could be dismissed should he fail to file a motion and brief, he nonetheless failed to do so. Accordingly, because I find that Plaintiff has not made a meaningful

effort to prosecute this action in a diligent manner, I suggest that the case be dismissed *sua sponte* for failure to prosecute.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder
CHARLES E. BINDER
Dated: July 6, 2010                              United States Magistrate Judge

3

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served via United States Postal service on the following non-ECF participant: Robert Wayne Wright, 1474 Allen Street, Burton, MI 48529.

Date: July 6, 2010　　　　　　　　　　By　　s/Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　Law Clerk to Magistrate Judge Binder